IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.  11-cv-03114-WYD

BETTY TRUELOVE,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security[1],

    Defendant.

# ORDER

I.    INTRODUCTION

THIS MATTER is before the Court on Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 filed June 7, 2013. Plaintiff's motion seeks an award of attorney's fees in the amount of $5,566.01, calculated at the rate of $178.75 per hour for 31.35 hours of work and supported by the attached Affidavit of Plaintiff's attorneys.  The Acting Commissioner filed a response in opposition to the motion on June 21, 2013, and a reply was filed on June 26, 2013.

II.    ANALYSIS

    A.    <u>Whether the Commissioner's Position was Substantially Justified</u>

The Equal Access to Justice Act ["EAJA"] provides for an award of attorney's fees to a prevailing party in a civil action brought against the United States unless the

---

[1] Carolyn W. Colvin is substituted for Michael J. Astrue as the Defendant pursuant to Fed. R. Civ. P. 25(d).

court finds that the position of the United States was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). "Substantially justified" has been defined by the Supreme Court as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Thus, the government's position must have had a reasonable basis in both law and fact. *Id.* "The government's 'position can be justified even though it is not correct.'" *Hackett v. Barnard*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting *Pierce*, 487 U.S. at 566 n. 2). The burden of establishing that the government's position was substantially justified rests with the government. *Id.*

In the case at hand, the Commissioner asserts that Plaintiff's EAJA motion should be denied because Defendant's position in the case was substantially justified. I note that in appealing the agency's decision, Plaintiff challenged the ALJ's weighing of the medical evidence, the residual functional capacity ["RFC"] finding, and the ALJ's step five finding. I agreed that the ALJ failed to weigh medical opinions in the case; namely, the opinions of Drs. Vega and Dilullo, and failed to properly assess Plaintiff's RFC. I further found that this may impact the findings at step five, which I also ordered to be reweighed. Accordingly, I reversed the decision of the Commissioner and remanded for further fact finding.

The Commissioner argues that the record in this case was arguably defensible and a reasonable person could think the government's position correct even though the Court ultimately disagreed. As such, the Commissioner asserts that its position was substantially justified. In support of this, the Commissioner argues that its position that

the "[t]he limitations the ALJ found supported by the record were the less restrictive range of the limitations that Dr. Vega found" (Def.'s Resp. Br. at 17, ECF No. 15) was reasonable.  Further, she argues that the ALJ's position that Plaintiff retained an RFC to perform unskilled work with certain moderate limitations adequately accounted for Plaintiff's credible mental limitations.

What the Commissioner fails to address, however, is the fact that I found the ALJ failed to explain the weight given to Dr. Vega's opinion, and ignored Dr. Vega's RFC evaluation.  As Plaintiff notes in his reply, this is a mandatory requirement under the law and is not subject to interpretation.  It is axiomatic that the ALJ is required to weigh every medical opinion he receives and to explain the weight given to that opinion.  *See* 20 C.F.R. §416.927(e)(2)(ii); *see also Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012).  The failure to do that means that there ALJ's opinion was not substantially justified in law and, thus, in my opinion, was not reasonable.

The Commissioner also notes that the Court was not persuaded with Defendant's position that Dr. Vega's GAF scores between 50-55 were consistent with the moderate limitations, and found such a position was a medical assessment the Commissioner is not entitled to make.  She argues, however, that GAF scores even lower than those assigned to Plaintiff in this case may indicate problems that do not necessarily relate to the ability to hold a job.  This ignores the fact, however, that I found that such arguments are improper post hoc rationalizations.  Moreover, given Dr. Vega's finding that Plaintiff would have difficulty meeting the demands from competitive employment, the argument has no merit.  Whether or not that finding of Dr. Vega was an actual medical finding,

Dr. Vega's opinion on the issue was "directly relevant to the GAF score . . . as it explained that Plaintiff was impacted in an occupational setting." (Order of March 22, 2013 at 9, ECF No. 18.)

It is next argued by the Commissioner that although the court disagreed with the weight the ALJ afforded to Dr. Dilullio and his comparison with Dr. Campbell's opinion, Defendant's position was reasonable. She asserts that the ALJ gave partial weight to Dr. Campbell's opinions to the extent he considered Plaintiff capable of lifting and carrying up to 20 pounds and opined on more than one occasion that Plaintiff was capable of performing "possibly light work" (Tr. 175, 241). Again, I disagree that the Commissioner's position was reasonable.

As explained in the Order reversing the ALJ's decision, the ALJ's reasons for giving great weight to Dr. Dulullio's opinion in comparison with Dr. Campbell's opinion were not supported by substantial evidence and it is not apparent that the ALJ weighed the relevant factors, even when the ALJ's opinion is viewed as a whole. This is not a situation where the ALJ simply was not as thorough as he should have been. Instead, it is unclear how the ALJ arrived at his decisions regarding the weight he gave to medical providers.

Based on the foregoing, I find that the Commissioner has not met her burden of showing that her position was substantially justified. Instead, I find that the ALJ's decision was not "justified to a degree that could satisfy a reasonable person." *Underwood*, 487 U.S. at 565. Further, while the Commissioner argues that its arguments in this case for affirming the ALJ's decision were reasonable, the Tenth

Circuit holds that EAJA "'fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position.'"  *Hackett*, 475 F.3d at 1174 (quotation omitted).

      B.      The Amount of Fees

The next issue is the amount of EAJA fees that should be awarded.  On that issue I must look at the number of hours expended in the case.  In determining whether the fees are excessive, I must determine whether the hours spent representing the Plaintiff were "reasonably expended."  *See Blum v. Stenson*, 465 U.S. 886, 901 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); see also 28 U.S.C. § 2412(d)(2)(A).  "A district court should approach this reasonableness inquiry 'much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients.'" *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (quoting *Ramos v. Lamm*, 713 F.2d 545, 555 (10th Cir. 1983)).  In making this determination, the court should "examine hours allotted to specific tasks."  *Ramos*, 713 F.2d at 554.

I note that the Acting Commissioner does not dispute the amount of fees or costs sought in this case or argue that the fees are excessive.  She also does not dispute the hourly rate of Plaintiff's counsel regarding the fees sought.  I have independently reviewed the amount of fees sought and the hourly rate and find that they are reasonable.  Accordingly, Plaintiff will be awarded fees in the full amount requested in the motion.  I also award the additional amount of fees sought in the reply brief as reasonable.

III. <u>CONCLUSION</u>

Based upon the foregoing, it is

ORDERED that Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (ECF No. 23) is **GRANTED**. Plaintiff is awarded **$6,513.39** in attorney's fees ($5,566.01 as requested in the motion plus an additional $947.38 as requested in the reply brief).

Dated: January 6, 2014

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge